UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kathleen Samek, et. al.,

        Plaintiffs,

v.

Marlaina Stone, LCC, Marlaina Stone, and
Blerta Malaj,

        Defendants.

_____/

Case No. 14-10187

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [11]**

    This matter comes before the Court on Plaintiffs' motion for default judgment.
Although there are three Defendants in this action, Plaintiffs' motion appears to seek default
judgment only against Defendant Marlaina Stone, LLC.[1] Because Plaintiffs have failed to
show that they properly served Marlaina Stone, LCC, Plaintiffs' motion is DENIED.[2]

    The party moving for default judgment has the burden of proving that the defendant
was properly served. *Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919,
2011 WL 3163242, at *3 (E.D. Mich. July 27, 2011) (citing *INYST Fin. Group, Inc. v.
Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir.1987)). According to Federal Rule of
Civil Procedure 4(h):

    **Serving a Corporation, Partnership, or Association.** Unless federal law
    provides otherwise or the defendant's waiver has been filed, a domestic or

---

[1] Defendant Blerta Malaj was voluntarily dismissed on June 5, 2014. (Dkt. 8.)

[2] The Court finds that the decision process would not be significantly aided by oral
argument and, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the hearing
previously scheduled for November 5, 2014 is hereby CANCELLED.

foreign corporation, or a partnership or other unincorporated association that is
subject to suit under a common name, must be served:

(1) in a judicial district of the United Stated

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer,
    managing or general agent, or any other agent authorized by appointment
    or by law to receive service of process and — if the agent is one authorized
    by statute and the so statute so requires—by also mailing a copy of each to
    the defendant.

Plaintiffs attempted to serve Marlaina Stone, LLC by delivering a copy of summons and

complaint to Michigan's Department of Licensing and Regulatory Affairs Corporations

Division (LARA).[3] Plaintiffs have not explained why this service was proper, and it does not

appear that it was. In Michigan, service of process on an LLC is governed by Michigan

Court Rule 2.105(E). *W. Am. Properties, Inc. v. Excel Escrow Servs., LLC*, No.

10-CV-14207, 2011 WL 116904, at *1 (E.D. Mich. Jan. 13, 2011). This rule states:

    (E) **Partnership Associations; Unincorporated Voluntary Associations**.
    Service of process on a partnership association or an unincorporated voluntary
    association may be made by

        (1) serving a summons and a copy of the complaint on an officer, director,
        trustee, agent, or person in charge of an office or business establishment of
        the association, and

        (2) sending a summons and a copy of the complaint by registered mail,
        addressed to an office of the association. If an office cannot be located, a
        summons and a copy of the complaint may be sent by registered mail to a
        member of the association other than the person on whom the summons
        and complaint was served.

---

[3] The return of service states that Plaintiffs served "Julie Dale Bureau of Commercial
Services Corp Div. Served via certified mail." (Dkt. 7.)

2

Mich. Ct. R. 2.105(E). Plaintiffs have not shown that they have satisfied either element of this rule. First, the LARA Corporations Division is not an "officer, director, agent, or person in charge of an office or business establishment of the association." *Id.* Second, even if mailing the service to the LARA Corporations Division satisfied the first element of the rule, Plaintiffs have not shown that they sent a summons and a copy of the complaint by registered mail to an office of the association. Nor have they shown that an office of the association could not be located. Service to the LARA Corporations Division might have been proper if Marliana Stone, LLC was a corporation, *see* Mich. Ct. R. 2.105(D)(4), but it is not a corporation. It is an LLC. Accordingly, Plaintiffs have not shown that proper service was made.

Plaintiffs' motion for default judgment is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 4, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager

3